```
1   JENNIE L. CLARK OSB 00031
    Attorney at Law
2   1906 SW Madison St.
    Portland, OR  97209
3   (503) 238-1010
    (503) 238-1212 (facsimile)
4   trialattorneyclark@yahoo.com
    jennie@jennieclark.com
5
```

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| Harry Berwer, | ) |
| --- | --- |
| Plaintiff, | ) Case No. 04-1802 — HU |
| | ) Amended |
| v. | ) COMPLAINT |
| Ms. Terri Delgato, The estate of Dr. Ian Duncan, Dr. Ned Enyart, Vickie Clark, R.N., Dr. John Shelton, Dr. John Vargo, Shirley Hodge, R.N., and Dr. Garth Gulick, Nurse Jane Doe, and John and Jane Doe, members of the Therapeutic Level Care Committee | ) Prisoner Civil Rights Violations<br>) Medical Care 8th Amendment<br>)<br>) Jury Trial Demanded |

**Introductory Statement**

1.

This civil rights action filed by Plaintiff, an incarcerated person, is brought under 42 U.S.C. §1983, alleging delay of medical care, personal safety and due process in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

2.

This court has jurisdiction over claims concerning violations of federal constitutional rights under 28 U.S.C. §§1331 and 1343.

Page 1 – COMPLAINT

Jennie L. Clark
Attorney at Law, LLC
1906 SW Madison St.
Portland, OR 97205

New Address as of 3/1/06
4516 SE Milwaukie Ave.
Portland, OR 97202
Telephone: (503) 238-1010
Fax: (503) 238-1212
E-mail:
jennie@jennieclark.com

3.

Venue is proper under 28 U.S.C. §1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiff's claim for relief arose in this district

4.

Tort claim notice was filed on July 15, 2003 and acknowledged with a letter of denial on October 21, 2003.

5. EXHAUSTION OF REMEDIES

Plaintiff has exhausted remedies to the best of his knowledge. He has repeatedly requested the necessary medical care since his incarceration in November 2002. In addition, Plaintiff would suffer irreparable harm as a result of the delays associated with any administrative remedies he is not aware of, due to his fragile state of health and warnings by prison officials not to "make waves." Some of Plaintiff's medical needs have already been met; however, he is seeking damages for the delayed treatment.

**The Parties**

6.

Plaintiff is, and was at all times relevant, an incarcerated person in the custody and control of the State of Oregon, by and through, the Department of Corrections (ODOC). Plaintiff is, and was at all times relevant, incarcerated at the Snake River Correctional Institution (SRCI).

7.

Defendant Terri Delgato was at all relevant times an employee of SRCI and employed as an office support person responsible for arranging oxygen for transport.

//

//

//

Page 2 – COMPLAINT

Jennie L. Clark
Attorney at Law, LLC
1906 SW Madison St.
Portland, OR 97205

New Address as of 3/1/06
4516 SE Milwaukie Ave.
Portland, OR 97202
Telephone: (503) 238-1010
Fax: (503) 238-1212
E-mail:
jennie@jennieclark.com

8.

Defendant Ian Duncan was at all relevant times an employee of ODOC, was employed as a physician at the SRCI infirmary, and was Plaintiff's primary treating physician in 2003 and 2004. Defendant Duncan is sued in his individual and official capacity.

9.

Dr. Ned Enyart was at all relevant times an employee of ODOC and was one of the physicians who examined and treated Plaintiff herein. Defendant Enyart is sued in his individual and official capacity.

10.

Defendant Vickie Clark was at all relevant times herein an employee of ODOC employed as a nurse and was a treating medical provider for Plaintiff. Defendant Clark is sued in her individual and official capacity.

11.

Dr. John Shelton was at all relevant times an employee of ODOC, serving as the Director of the Medical Department of Corrections of Oregon. As Chairman of the Therapeutic Level Care Committee he was responsible for approving medical funds and authorizing care needed by Plaintiff. Defendant Shelton is sued in his individual and official capacity.

12.

Dr. John Vargo was at all relevant times an employee of ODOC. Dr. Vargo served on the Therapeutic Level Care Committee and was responsible for approving medical funds and authorizing care needed by Plaintiff. Defendant Vargo is sued in his individual and official capacity.

//

//

Page 3 – COMPLAINT

Jennie L. Clark
Attorney at Law, LLC
1906 SW Madison St.
Portland, OR 97205

New Address as of 3/1/06
4516 SE Milwaukie Ave.
Portland, OR 97202
Telephone: (503) 238-1010
Fax: (503) 238-1212
E-mail:
jennie@jennieclark.com

13.

Defendant Shirley Hodge, R.N., was at all relevant times herein an employee of ODOC, employed as a nurse, and was a treating medical provider for Plaintiff. Defendant Hodge is sued in her individual and official capacity.

14.

Defendant Gulick was at all relevant times an employee of ODOC, was employed as a physician at the SRCI infirmary, and was Plaintiff's treating physician in late 2005. In addition, as the primary physician at SRCI, Dr. Gulick is responsible for assigning a doctor or nurse to attend to Plaintiff's current medical needs which are being ignored as he has no doctor or nurse. Defendant Gulick is sued in his individual and official capacity.

15.

John and Jane Does are members of the Therapeutic Level Care Committee. As such, they were responsible for directing funds for Plaintiff's medical needs which were repeatedly denied and delayed, respectively.

16.

Nurse Jane Doe was at all relevant times herein an employee of ODOC. Nurse Jane Doe was working on January 9, 2006 when Plaintiff's oxygen concentrator malfunctioned and denied him a replacement. It was not until three days later that Plaintiff received his necessary oxygen.

17.

All defendants have acted under color of state law at all times relevant to this complaint.

18. PRELIMINARY FACTS

Plaintiff originally filed his complaint, pro se, on December 9, 2004.

//

//

Page 4 – COMPLAINT

Jennie L. Clark
Attorney at Law, LLC
1906 SW Madison St.
Portland, OR 97205

New Address as of 3/1/06
4516 SE Milwaukie Ave.
Portland, OR 97202
Telephone: (503) 238-1010
Fax: (503) 238-1212
E-mail:
jennie@jennieclark.com

## Factual Allegations

19.

Plaintiff currently has a variety of medical problems including bronchial asthma, emphysema, chronic obstructive pulmonary disease, sleep apnea, diabetes, a separated sternum, and has had heart problems and a complete respiratory failure in January 2000. Since 1999, Plaintiff has required breathing assistance through a concentrator and BI-PAP. Plaintiff also has impaired vision and has had several unsuccessful eye surgeries.

20.

Since his incarceration in November of 2002, Plaintiff has requested an oxygen concentrator to assist him in breathing. Plaintiff's requests were repeatedly refused by Ian Duncan.

21.

Since his incarceration, Plaintiff has requested to have use of his nebulizer. His requests were repeatedly denied by Dr. Gulak.

22.

Since 2003, if not before, Plaintiff has repeatedly requested oxygen for transport. Terri Delgato is in charge of oxygen for transport and has repeatedly denied Plaintiff's requests.

23.

Plaintiff saw Dr. Ned Enyart in January or February of 2003 at which time a cataracts check was performed. On October 20, 2004, Plaintiff was informed by Dr. Enyart that he should have the cataracts removal done immediately.

//

//

//

Page 5 – COMPLAINT

Jennie L. Clark
Attorney at Law, LLC
1906 SW Madison St.
Portland, OR 97205

New Address as of 3/1/06
4516 SE Milwaukie Ave.
Portland, OR 97202
Telephone: (503) 238-1010
Fax: (503) 238-1212
E-mail:
jennie@jennieclark.com

24.

On or about March 11, 2004, Plaintiff learned from ODOC officials, specifically Dr. Ian Duncan, that there were no longer funds available to treat his respiratory problems or to provide breathing support systems.

25.

In December of 2004, Plaintiff received surgery on the cataracts in his left eye.

26.

On or about March 2, 2005, Plaintiff learned from the Nurse Manager Clark at SRCI that he would have to wait an additional six months for surgery on his eyes.

27.

Although, surgery has recently been performed on the right eye on December 7, 2005, to this day, Plaintiff is having severe difficulty with his vision.

28.

On December 7, 2005, Plaintiff had to go into the surgery without oxygen for medical transport.

29.

Plaintiff has a separated sternum and has repeatedly asked for a bunk posting above his bed that warns, in cases of resuscitation, not to pursue the technique manually but only use paddles. His request has been continuously denied by Shirley Hodges, R.N.

30.

In late November or early December of 2005, Plaintiff's BI-PAP machine, which is used to facilitate his breathing with a steady flow of oxygen, broke down after he had paid for spare parts. He was told he would have to pay for a new one. Despite repeated requests by both him and Nancy San Carlos (a representative of the Americans with Disability in Washington) no

Page 6 – COMPLAINT

Jennie L. Clark
Attorney at Law, LLC
1906 SW Madison St.
Portland, OR 97205

New Address as of 3/1/06
4516 SE Milwaukie Ave.
Portland, OR 97202
Telephone: (503) 238-1010
Fax: (503) 238-1212
E-mail:
jennie@jennieclark.com

replacement was provided to him until December 19, 2005. This replacement machine is considered a "loaner." Plaintiff is uncertain how long officials will allow him to use this machine.

31.

Recently, on or about January 9, 2006, Plaintiff's oxygen concentrator malfunctioned and Plaintiff was not supplied with a new one. Plaintiff's requests for a new oxygen concentrator were denied by Jane Doe at SRCI until, on January 11, 2006, Plaintiff received a replacement oxygen concentrator marked "loaner." Plaintiff is uncertain how long officials will allow him to use this machine.

32.

Currently, with the exception of receiving medical attention for his diabetes, Plaintiff has no nurse or doctor assigned to examine him, advise treatment, or treat his medical needs.

**Claim for Relief**

**(8th Amendment Cruel and Unusual Punishment – 41 U.S.C. §1983,**

Medical Condition of Confinement: delay and denial of essential medical care.)

33.

Plaintiff re-alleges paragraphs 1 through 32 as if more fully set forth herein.

34.

Plaintiff, as a prisoner, is entitled to be free from cruel and unusual punishment pursuant to the parameters of the Eighth and Fourteenth Amendments to the United States Constitution. The prohibitions against cruel and unusual punishment apply to prison conditions and, specifically, medical care.

//

//

Page 7 – COMPLAINT

Jennie L. Clark
Attorney at Law, LLC
1906 SW Madison St.
Portland, OR 97205

New Address as of 3/1/06
4516 SE Milwaukie Ave.
Portland, OR 97202
Telephone: (503) 238-1010
Fax: (503) 238-1212
E-mail: jennie@jennieclark.com

35.

The acts and omissions of all Defendants subjected Plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution, collectively amounting to a deliberate indifference towards Plaintiff's serious medical needs and personal safety. Defendants violated the requirements of the Eighth Amendment in the provision of medical care by causing undue delay and denial of medically necessary treatment. Defendants also allowed non-medical reasons to intentionally interfere with medical treatment.

36.

The specific acts of Defendants Ms. Delgato, Dr. Duncan, Dr. Enyart, Ms. Clark, Dr. Shelton, Dr. Vargo, Ms. Hodge, and Dr. Gulick are alleged to be deliberately indifferent to Plaintiff's medical needs and are more particularly set forth below:

A. Defendants Dr. Duncan, Dr. Gulick, Ms. Clark, and Ms. Hodge unduly delayed medical treatment by failing to provide breathing support systems for Plaintiff from October 3, 2002 until December 19, 2005, and failing to re-order parts for his BI-PAP machine, despite Plaintiff's repeated requests.

B. Defendants Dr. John Shelton, Dr. John Vargo, and others unduly delayed necessary medical treatment by failing to approve the funding for Plaintiff's breathing support system until December 19, 2005, delaying essential oxygen for twenty-seven months.

C. Defendants Dr. Enyart, Ms. Hodge, Ms. Delgato, and Ms. Clark failed to provide adequate medical treatment by failing to provide an oxygen transport system so that Plaintiff could receive his cataracts surgery. Upon finally receiving cataracts surgery for his right eye on December 7, 2005, Plaintiff was told there was no oxygen transport system available and was made to endure the ride without oxygen.

Page 8 – COMPLAINT

Jennie L. Clark
Attorney at Law, LLC
1906 SW Madison St.
Portland, OR 97205

New Address as of 3/1/06
4516 SE Milwaukie Ave.
Portland, OR 97202
Telephone: (503) 238-1010
Fax: (503) 238-1212
E-mail:
jennie@jennieclark.com

D. Defendants Dr. Duncan, Dr. Shelton, and Dr. Gulick unduly delayed and denied medical treatment for Plaintiff by failing to adequately manage and supervise subordinate nursing staff who gave poor, inadequate and substandard advice to Plaintiff and ultimately, with the presiding doctors, denied medical treatment altogether for necessary eye surgery, his nebulizers, and an oxygen transport system. Failing to treat Plaintiff's complaints properly arose to patient abandonment.

E. Defendants Dr. Gulick, Dr. Shelton, Dr. Duncan, and Dr. Enyart abandoned Plaintiff, their patient, by failing to order necessary and timely treatment for his asthma, emphysema, and vision problems.

F. Defendants Dr. Gulick, Dr. Duncan, Dr. Enyart, Ms. Hodge, Ms. Delgato, and Ms. Clark, either alone or together with others, unduly delayed or allowed non-medical reasons to interfere with medical treatment and failed to adequately chart the course of treatment for Plaintiff or allowed the oversight or deliberate indifference to all of Plaintiff's medical needs in relation to his breathing problems, machines required for assisting the flow of oxygen, and other medical problems.

37.

All defendants' conduct were well-defined by law and each defendant knew or reasonably should have known that their conduct would fall well below the standard prescribed by law herein.

38. NON-ECONOMIC DAMAGES

As a result of the violations of the Constitutional standards set forth herein, Plaintiff suffered unremitting, avoidable and inappropriately managed pain and/or discomfort for years, degeneration of vision, failure to treat respiratory problems which caused suffering and

Page 9 – COMPLAINT

Jennie L. Clark
Attorney at Law, LLC
1906 SW Madison St.
Portland, OR 97205

New Address as of 3/1/06
4516 SE Milwaukie Ave.
Portland, OR 97202
Telephone: (503) 238-1010
Fax: (503) 238-1212
E-mail:
jennie@jennieclark.com

emotional distress and may ultimately result in death, and damages in an amount to be determined by the jury.

### 39. ECONOMIC DAMAGES

Plaintiff seeks reimbursement for all the costs he incurred for his medical files, costs of discovery, cost of repair to his BI-PAP machine, the costs of any medication/treatment he was forced to purchase/seek on his own. Economic damages are plead as no less than $195.00, the price for parts to repair the BI-PAP machine.

### 40. FUTURE ECONOMIC DAMAGES

Should the loaner BI-PAP machine or the oxygen concentrator be taken from Plaintiff, he will need his own machine repaired or a replacement in an amount to be determined.

### 41. ATTORNEY FEES AND COSTS

Plaintiff is entitled to an award of attorneys fees and costs, pursuant to 42 U.S.C. §1988(b).

### 42. PRAYER

WHEREFORE Plaintiff prays for judgment against all defendants as follows:

1. For an order from the court granting oxygen transport, access to additional eye surgery and treatment as medically reasonable and necessary, and continued access to nebulizers, inhalers, oxygen; and a bunk posting stating the Plaintiff's wishes that no manual CPR be used, only paddles, should resuscitation be needed due to his separated sternum.

2. For all economic damages including out of pocket costs including the cost of fixing his BI-PAP machine, and other damages to be more fully proven at trial and no less than $195.00.

3. For Plaintiff's non-economic damages for pain, discomfort, suffering, fear, anxiety in an amount to be determined at trial by the jury.

//

Page 10 – COMPLAINT

Jennie L. Clark
Attorney at Law, LLC
1906 SW Madison St.
Portland, OR 97205

New Address as of 3/1/06
4516 SE Milwaukie Ave.
Portland, OR 97202
Telephone: (503) 238-1010
Fax: (503) 238-1212
E-mail:
jennie@jennieclark.com

4. For costs, fees and disbursements.

5. For attorney fees under 42 U.S.C. §1988(b)

6. Such other relief as the court deems equitable.

DATED this _13_ day of _January_, 2006.

Jennie L. Clark, OSB #00031
Attorney at Law
1906 SW Madison Street
Portland, OR 97205

Page 11 – COMPLAINT

Jennie L. Clark
Attorney at Law, LLC
1906 SW Madison St.
Portland, OR 97205

New Address as of 3/1/06
4516 SE Milwaukie Ave.
Portland, OR 97202
Telephone: (503) 238-1010
Fax: (503) 238-1212
E-mail:
jennie@jennieclark.com